**CHRISTENSEN JAMES & MARTIN, CHTD.**
Kevin B. Christensen, Esq. (175)
Wesley J. Smith, Esq. (11871)
Kevin B. Archibald, Esq. (13817)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
Email: kbc@cjmlv.com, wes@cjmlv.com, and kba@cjmlv.com
*Counsel for Plaintiff Board of Trustees of the Southern Nevada Glaziers and Fabricators Pension Trust Fund*

**CHRISTENSEN JAMES & MARTIN, CHTD.**
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * * * *

BOARD OF TRUSTEES OF THE SOUTHERN NEVADA GLAZIERS AND FABRICATORS PENSION TRUST FUND,

Plaintiff,

vs.

HIGHLAND GLASS, LLC., a Washington limited liability company; DARREN BURT, an individual; AMERICAN CONTRACTORS INDEMNITY COMPANY, a California corporation; JOHN DOES I-XX, inclusive; and ROE ENTITIES I-XX, inclusive,

Defendants.

CASE NO.:

**COMPLAINT FOR BREACH OF CONTRACT, VIOLATION OF ERISA, BREACH OF FIDUCIARY DUTY AND DEMAND FOR RELIEF ON BOND**

Date: N/A
Time: N/A

The Plaintiff, the Board of Trustees of the Southern Nevada Glaziers and Fabricators Pension Trust Fund ("Plaintiff" or "Trust Fund"), acting by and through its attorneys, Christensen James & Martin, Chtd., hereby complains, asserts and alleges as follows:

**JURISDICTION & VENUE**

1. This Court has jurisdiction of this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Courts exclusive jurisdiction over civil

actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

2. This Court has jurisdiction of this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and labor organization in an industry affecting commerce, without respect to the amount in controversy or the citizenship of the parties.

3. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that this is the Judicial District in which the Plaintiff is administered.

**PARTIES**

5. The Trust Fund is an express trust created pursuant to a written declaration of trust; namely, the Agreement Establishing Plan for the Southern Nevada Glaziers and Fabricators Pension Trust Fund ("Trust Agreement"), consistent with § 302(c) of the LRMA [29 U.S.C. § 186(c)], existing "to implement a Section 401 (k) retirement plan ... for the benefit of all [covered employees]," within the meaning of ERISA, 29 U.S.C. §1002(37), (2) and (3).

6. The Board of Trustees and the individual Trustees of the Trust Fund are "named fiduciar[ies]," "plan administrator[s]" and "plan sponsor[s]" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§1102(a), 1002(16), & (21), with respect to collection of contributions due to the Trust Fund and related matters.

7. Defendant Highland Glass, LLC. ("Highland") is and/or was a Washington limited liability company doing business as a contractor and employer in California.

8. Defendant Highland is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12).

9. Defendant Darren Burt ("Burt") is a natural person and individual believed to be residing in Washington and is listed in the Washington State Department of Labor & Industries' records as the principal/governing person of Highland.

10. Burt is the primary manager, officer, director, owner, member, principal and/or key employee of Highland.

11. At all times material herein, Burt has been a member, manager, officer, director, owner, shareholder, agent and/or individual whose employment duties with Highland required decision making regarding the operations of Highland, procurement and negotiation of contracts, hiring/firing of work force, directing labor relations, project management, keeping corporate records and company books, managing financial affairs, payment of expenses and accounts payable, tracking employee hours, preparing and processing payroll and remitting reports, contributions and payments to the Trust Fund for each hour of covered labor performed.

12. Burt has caused Highland employees to perform covered labor requiring employer contributions to the Trust Fund on account of such work. On prior occasions, Burt submitted or caused to be submitted monthly contribution reports to the Trust Fund reporting hours of covered labor performed by Highland's employees. Nevertheless, Burt has intentionally declined to submit certain payments to the Trust Fund for employee fringe benefit contributions owed for work performed by Highland's employees.

13. The amounts that Highland was required to remit to the Trust Fund for contributions became assets of the Plaintiff on the date they became due. Burt made decisions regarding the disposition of these trust assets, including the decision not to remit payment of the contributions to the Trust Fund, and was a fiduciary to the Trust Fund with a duty to ensure that the contributions were properly and timely remitted to the Trust Fund.

14. Defendant American Contractors Indemnity Company ("ACIC") is a

California corporation acting as a surety in the State of California that issued Surety Bond No. 100349916 to Highland ("Bond").

15. The true names and capacities, whether partnership, individual, corporate, company, associate or otherwise of John Does I-X, inclusive, and Roe Corporations I-X, inclusive, are unknown to the Plaintiff at this time and said Defendants are therefore sued by fictitious names. The Plaintiff reserves the right to amend the Complaint to insert additional charging allegations, together with the true identities and capacities, when the same have been ascertained.

**GENERAL ALLEGATIONS**

16. At all times material herein, the International Union of Painters and Allied Trades, District Council 36, Glaziers, Architectural Metal and Glassworkers Local Union 636 ("Union") has been a labor organization representing employees in the construction industry in Southern California. The Union is an employee organization or labor organization in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(5), (6) and (7), 1002(4), (11) and (12).

17. On or around June 2, 2017, Highland entered into that certain Participation Agreement, Glaziers, Architectural Metal & Glass Workers L.U. 636 – District Council 36, Project Stabilization Agreement / Project Labor Agreement (All Trusts) ("Participation Agreement") with the Union, thereby binding Highland to the terms and conditions of that certain Master Labor Agreement dated June 1, 2017 – May 31, 2020 ("MLA") (Participation Agreement and MLA collectively referred to herein as "Labor Agreement") for the project identified as the "APEX II" project located at 700 West 9th Street in California.

18. The Labor Agreement has not been terminated and remains in full force and effect.

19. By executing the Labor Agreement, Highland also agreed to be bound by the terms and provisions of the Trust Agreement utilized to create the Trust Fund and other documents governing the Plaintiff.

20. At all times material herein, Highland was obligated by the terms of the Labor Agreement and Trust Agreement to submit written reports to the Plaintiff on a timely basis showing the identities of employees performing work covered by the Labor Agreement, and the number of hours worked by or paid to these employees. Further, Highland promised that it would pay fringe benefit contributions to the Plaintiff on a monthly basis and at specified rates for each hour worked by or paid to its employees for performance of labor covered by the Labor Agreement. At all times material herein, Highland was obligated to submit said monthly reports and pay said contributions to the Plaintiff at their administrative offices on or before the twentieth (20th) day of the month following the month in which the labor was performed.

21. As a result of the report and contribution obligations imposed therein, the Trust Fund is an intended beneficiary of the Labor Agreement.

22. Employer contributions are considered fund assets from the date they are due pursuant to the written terms of the Trust Agreement, whether or not they are actually paid, and must be held in trust by an employer until remitted to the Trust Fund. Employer contributions are components of the employees' compensation and do not belong to the employer. Employers have a fiduciary duty to ensure that employer contributions are properly and timely delivered to the Trust Fund.

23. Signatory employers are required to submit monthly remittance reports to the Trust Fund whether or not any covered work was performed during the work month to be reported. Highland submitted remittance reports to the Trust Fund for the work it performed during the months of August through October 2017. However, Highland has not submitted any remittance reports to the Trust Fund for any work performed on or after November 1, 2017. The lack of remittance reports gives the Trust Fund the reasonable belief that Highland is attempting to hide covered work or otherwise avoid its obligations under the Labor Agreement and Trust Agreement.

24. Since November 1, 2017, employees of Highland have performed labor

covered by the Labor Agreement. However, Highland failed to submit any reports to the Trust Fund for any work its employees performed since November 1, 2017, as required by the Labor Agreement and Trust Agreement.

25. Highland failed to submit any payment to the Trust Fund for contributions for any work it performed since August 1, 2017, as required by the Labor Agreement and Trust Agreement.

26. Highland owes the Trust Fund liquidated damages and interest for failing to timely remit payment of contributions for the covered labor it performed since August 2017.

27. The delinquencies asserted herein owed by Highland are properly payable out of the proceeds of the Bond.

28. Highland has established a pattern of regularly submitting monthly contribution reports and payments late. It has ignored demands from the Trust Fund's administrator and/or legal counsel and unilaterally decided when to submit the reports and contributions. The Trust Fund has not approved Highland's actions, either in writing or otherwise, although it has made reasonable efforts, as appropriate under the circumstances, to collect such arrears when they have become due. However, to the extent the Trust Fund's responses to Highland's actions could be interpreted as an "arrangement, agreement or understanding between a multiple employer plan and [an employer] whose employees are covered by such plan, whereby the time is extended for the making of a contribution by such employer to such plan..." (*see* Employee Benefit Plans Class Exemptions from Prohibitions respecting Certain Transactions in Which Multiemployer and Multiple Employer Plans Are Involved, 41 FR 12740, 12742 (March 26, 1976)), the Trust Fund files this Complaint not only to collect the reports and contributions owed, but also to put an end to Highland's pattern of behavior.

29. The Trust Fund has adopted certain policies and procedures related to the collection of outstanding fringe benefit contributions; namely, The Southern Nevada Painters and Glaziers Joint Trust Funds Restated Policies, Procedure and Resolutions (effective July

1, 2017) ("Policies and Procedures"), which state, inter alia, "Regardless of... any requirement in a Labor Agreement or Trust Agreement, the Trustees have the authority, in their sole discretion, to require Employers to post a surety bond in favor of the Trust Funds or to require higher bond limits based on the past work and financial responsibility of the Employer." Furthermore, the Labor Agreement states, "...if the required contributions owed by an Employer to any or all of the Trust Funds, are not received by the time, which the Employer is considered delinquent... then the Union may withdraw employees from the job... unless the Employer provides the Trust Funds with a bond for the full amount of delinquency..."

**FIRST CAUSE OF ACTION**
[Breach of Contract – 29 U.S.C. § 1132 – Highland]

30. The Plaintiff herein restates and realleges the above allegations.

31. The failures of Highland to properly and timely report all hours of covered labor performed by its employees and properly and timely pay employee fringe benefit contributions for those hours constitute violations of ERISA and material breaches of the Labor Agreement and Trust Agreement.

32. By failing to remit reports, pay contributions and/or other contract damages when due, Highland is contractually delinquent to the Plaintiff and is obligated by the Labor Agreement, Trust Agreement and ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145, to pay the Plaintiff principal contributions, accrued interest, liquidated damages, audit costs, attorney's fees and costs, in an amount to be proven at trial.

33. By the Labor Agreement, Trust Agreement and ERISA, 29 U.S.C. §§ 1132(g)(2), Highland agreed to be deemed contractually delinquent if and when it failed to properly report and pay contributions and/or other contract damages when due. Highland is delinquent to the Plaintiff and is obligated by the Labor Agreement and/or Trust Agreement to pay the Plaintiff principal contributions, accrued interest, liquidated damages, attorney's fees and costs, in an amount to be proven at trial.

34. The Plaintiff is entitled to recover as damages from Highland any and all unpaid fringe benefit contributions owed to the Plaintiff as well as contract damages, plus accruing interest, liquidated damages, attorney's fees and costs of suit pursuant to the Labor Agreement and Trust Agreement.

35. Highland's actions have required the Plaintiff to retain legal counsel to enforce their rights under the Labor Agreement and Trust Agreement. The Plaintiff is entitled to recover attorney's fees and costs from Highland.

36. The actions of Highland in failing to timely and properly remit monthly fringe benefit reports and contributions constitute violations of ERISA [29 U.S.C. § 1001 *et seq*.]. The contract breaches and violations of ERISA identified herein harm the Plaintiff and its participants because they placed at risk the Plaintiff's ability to provide required benefits to its beneficiaries. The Plaintiff's remedies at law are not sufficient to adequately compensate the Trust or its beneficiaries from past harm caused by said violations, or to protect them from the harm or threat of harm caused by similar future violations. Plaintiff is likely to prevail on the merits of its claims. Plaintiff is entitled to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) affirmatively compelling Highland to pay Plaintiff all past-due contributions and related damages and report and pay Plaintiff all contributions for each hour of covered labor from this point forward.

37. If the proceeds of the Bond are insufficient to cover the delinquencies Highland owes to the Plaintiff, Plaintiff is also entitled to injunctive relief pursuant to the Policies and Procedures and the Labor Agreement to affirmatively compel Highland to post a surety bond in favor of the Plaintiff for the full amount owed and make a demand for relief on the bond.

## **SECOND CAUSE OF ACTION**
[Violation of ERISA]

38. The Plaintiff herein restates and realleges the above allegations.

39. By failing to accurately report and pay contributions to the Plaintiff in

accordance with the Labor Agreement and Trust Agreement, Highland has violated Section 515 of ERISA [29 U.S.C. § 1145]. In accordance with the terms of the Labor Agreement and Trust Agreement, and pursuant to Sections 502(g)(2) and 515 of ERISA [29 U.S.C. §§1132(g)(2) and 1145], the Plaintiff is entitled to payment of all contributions determined to be due, as well as liquidated damages, interest, attorneys' fees, costs incurred in enforcing the terms of the Trust Agreement, and such other legal and equitable relief as the Court deems appropriate.

40. The contract breaches and violations of ERISA identified above harm the Plaintiff and place at risk the Plaintiff's ability to provide required employee benefits to their beneficiaries.

41. The Plaintiff's remedies at law are not sufficient to adequately compensate the Plaintiff or its beneficiaries from past harm caused by said violations, or to protect them from the harm or threat of harm caused by similar future violations.

42. The Plaintiff is likely to prevail on the merits of their claims.

43. The Plaintiff is entitled to injunctive relief affirmatively compelling Highland to (i) submit all monthly remittance reports and pay all contribution amounts and related damages to the Plaintiff in compliance with their obligations under the Labor Agreement and Trust Agreement; and (ii) post a surety bond in favor of the Plaintiff for the full amount owed pursuant to the Policies and Procedures and the Labor Agreement and make a demand for relief on the bond, if the proceeds of the Bond are insufficient to cover the delinquencies Highland owes to the Plaintiff.

**THIRD CAUSE OF ACTION**

[Breach of Fiduciary Duty – 29 U.S.C. §§ 1002, 1104, 1109, 1132 – Burt]

44. Plaintiff herein restates and realleges the above allegations.

45. Burt is responsible for tracking employee hours, preparing and processing payroll and remittance reports and making contributions and payments to the Trust Fund for each hour of covered labor performed by Highland's employees.

46. Contributions owed to the Plaintiff became assets of the Plaintiff on the date that they became due.

47. Burt made determinations as to how funds owed to the Plaintiff were to be handled, utilized, segregated, distributed, and/or paid.

48. Burt exercised authority and control relating to the management or disposition of the Plaintiff's assets established pursuant to the terms and provisions of the Labor Agreement, Trust Agreement, governing plan documents, 29 C.F.R. § 2510.3-102 and 29 U.S.C. §§ 1002, 1104, 1109 & 1132.

49. Burt is a fiduciary to the Plaintiff for purposes of ERISA.

50. The actions of Burt in failing to segregate trust fund assets from Highland's assets and make required contributions to the Plaintiff materially harmed the Plaintiff, placed the beneficiaries of the Plaintiff at risk with regard to their benefits and constitute a breach of their fiduciary duties to the Plaintiff and the Plaintiff's beneficiaries.

51. The Plaintiff is entitled to recover from Burt a sum equal to all unpaid fringe benefit contributions, plus accrued interest, liquidated damages, attorney's fees and audit costs, in an amount to be established by proof at trial.

**FOURTH CAUSE OF ACTION**
[Demand for Relief on Bond]

52. Plaintiff herein restates and realleges the above allegations.

53. ACIC issued the Bond as a condition for Highland to maintain its Contractor's License.

54. The Plaintiff is an intended third-party beneficiary under the Bond.

55. The delinquencies asserted herein owed by Highland are properly payable out of the proceeds of the Bond.

56. The proceeds of the Bond must be paid to the Plaintiff in full or partial satisfaction, as the case may be, of Highland's obligations owed to the Plaintiff or as damages caused by Highland's failure to properly act in accordance with the Labor

Agreement, Trust Agreement and/or the law, subject only to the penal limit on the Bond and/or the statutory limits on payment of fringe benefit contributions from the Bond.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for Judgment against the Defendants, and each of them, as follows:

1. For the Court's Order enjoining the Defendants from failing to timely pay to the Plaintiff delinquent amounts owed to the Plaintiff;

2. For the Court's Order compelling the Defendants to deliver to the Plaintiff monthly remittance reports detailing all covered work performed between November 1, 2017 and the date of the filing of this Complaint;

3. For the Court's Order affirmatively compelling the Defendants to abide by the terms of the Labor Agreement from this point forward, including, but not limited to, submitting and paying accurate monthly contribution remittance reports and contribution amounts to the Plaintiff on a timely basis;

4. For the Court's Order enjoining the Defendants from failing to timely pay the Plaintiff future contribution amounts, as they become due;

5. For unpaid fringe benefits contributions in amounts to be proven at trial;

6. For damages for breach of contract, violation of ERISA and/or breach of fiduciary duty in an amount to be proven at trial;

7. For liquidated damages in amounts to be proven at trial;

8. For accrued interest on all unpaid contributions and damages from their due dates until paid;

9. For Plaintiff's reasonable attorney's fees for having to bring this action to compel reporting compliance and contribution recovery with associated damages;

10. For Plaintiff's costs of suit incurred herein;

11. For the Court's Order affirmatively compelling Highland to post a surety bond in favor of the Plaintiff, if the proceeds of the Bond are insufficient to cover the full amount

of contributions, liquidated damages, interest and attorney's fees and costs owed to Plaintiff by Highland;

12. For such additional relief as may be provided for by 29 U.S.C. § 1132; and

13. For such additional relief as this Court may deem just and proper.

DATED this 10th day of January, 2018.

CHRISTENSEN JAMES & MARTIN, CHTD.

By: */s/ Kevin B. Archibald*

Kevin B. Archibald, Esq. (13817)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 255-1718
Fax: (702) 255-0871
Email: kba@cjmlv.com
*Counsel for Plaintiff Board of Trustees of the Southern Nevada Glaziers and Fabricators Pension Trust Fund*